**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION**

HSBC BANK NEVADA, N.A., etc.,

                Plaintiff,

vs.                                                      Case No. 3:14-cv-217-J-32JBT

BERNARD J. DEGEORGE, JR.,

                Defendant.

## **ORDER**

This case is before the Court on pending motions.

**I.     Motion to Recuse/Motion to Strike**

The Court first takes up defendant/counterclaim plaintiff Bernard DeGeorge's motion requesting that the undersigned recuse himself, contending that the undersigned improperly had this case transferred to him,[1] that the undersigned has a personal bias in favor of large banks, that the undersigned was aware that the DeGeorges were planning to file complaints with The Florida Bar against members of the judiciary, that the undersigned's rulings in an earlier case involving DeGeorge ignored fraud perpetuated by large banks, that the undersigned has an extrajudicial bias against pro se parties, that the undersigned has a bias favoring large banks because their litigation pays state and federal court filing fees, that the undersigned has a bias against DeGeorge "because of his wife's political activism," which includes writing and "acting as the area representative of a national organization whose

---

[1] Another judge of this Court transferred this case to the undersigned as a related case pursuant to Local Rule 1.04(a). Doc. 11.

goals are the elimination of judicial immunity and the establishment of special grand juries to investigate complaints against judges to create meaningful and sorely needed accountability,"[2] and that the undersigned is friends with one of plaintiff's attorneys, who is a former law clerk for another Judge on this Court.  See Motion to Recuse and exhibits thereto, Doc. 17, supplement by Doc. 20.  In an affidavit, DeGeorge also mentions computer trouble he has been having under circumstances that are "so unusual, that it appears someone may be remotely accessing and sabotaging [his] computers intentionally," suggesting that the banks involved with his law suits and "members of the court employed by those banks" have resources to hack into his computers.  See Doc. 18 (Affidavit) at ¶ 25.

DeGeorge's motion seeks relief pursuant to 28 U.S.C. § 455(a) and (b)(1) and 28 U.S.C. § 144.  Under 28 U.S.C. § 455(a) and (b)(1), a judge of this Court "shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned" or "[w]here he has a personal bias or prejudice concerning a party or personal knowledge of disputed evidentiary facts concerning the proceeding."  The standard under § 455 "is whether an objective, disinterested, lay observer fully informed of the facts underlying the grounds on which recusal was sought would entertain a significant doubt about the judge's impartiality."  United States v. Patti, 337 F.3d 1317, 1321 (11th Cir. 2003) (quotation and citation omitted).  Under 28 U.S.C. § 144, a judge shall recuse upon presentation of a sufficient and timely affidavit charging personal bias or prejudice either against the movant

---

[2] See Doc. 17 (Motion) at ¶ 21.

2

or in favor of an adverse party and a certificate of good faith.[3]  "To warrant recusal under § 144, the moving party must allege facts that would convince a reasonable person that bias actually exists." Christo v. Padgett, 223 F.3d 1324, 1333 (11th Cir. 2000) (citation omitted).

"A charge of partiality must be supported by some factual basis . . . . Recusal cannot be based on unsupported, irrational or highly tenuous speculation." United States v. Cerceda, 188 F.3d 1291, 1293 (11th Cir. 1999) (quotation and citation omitted).  Thus, "a judge, having been assigned to a case, should not recuse himself on unsupported, irrational, or highly tenuous speculation. [Otherwise], the price of maintaining the purity of the appearance of justice would be the power of litigants or third parties to exercise a veto over the assignment of judges." United States v. Greenough, 782 F.2d 1556, 1558 (11th Cir. 1986). "Ordinarily, a judge's rulings in the same or a related case may not serve as the basis for a recusal motion.  The judge's bias must be personal and extrajudicial; it must derive from something other than that which the judge learned by participating in the case." McWhorter v. City of Birmingham, 906 F.2d 674, 678 (11th Cir. 1990) (citation omitted).  "An exception to this general rule occurs when the movant demonstrates 'pervasive bias and prejudice.'" Id. (citation omitted).

---

[3]DeGeorge's affidavit in support is of record at Doc. 18.  Numerous exhibits are attached to the motion (Doc. 17) but the record does not appear to include a certificate of good faith. As DeGeorge is proceeding pro se, the Court takes the affidavit to be evidence of his good faith and will not deny the motion on that procedural ground.  As for its timeliness, a motion under § 144 must be filed "not less than ten days before the beginning of the term at which the proceeding is to be heard . . . ." 28 U.S.C. § 144.  Because the Court had not yet granted DeGeorge's motion for leave to proceed in forma pauperis at the time he filed the motion for recusal, the case had not been set for any term and the motion is therefore deemed to be timely filed.

3

Nearly all of DeGeorge's allegations relate to the undersigned's judicial rulings and are not therefore a basis for recusal.  See Liteky v. United States, 510 U.S. 540, 555 (1994) ("[J]udicial rulings alone almost never constitute a valid basis for a bias or partiality motion"). While DeGeorge has attempted to paint a picture of pervasive bias and prejudice (such as by suggesting bias because the United States is the "employer" of the undersigned and also "the source of TARP funding for the large banks" with whom DeGeorge is litigating), his attempts would not convince "an objective, disinterested, lay observer fully informed of the facts" that there is any basis for "significant doubt" about the undersigned's impartiality. McWhorter, 906 F.2d at 678 (quotation and citation omitted).[4]  DeGeorge's motion to recuse is therefore denied.  In its response to DeGeorge's motion (Doc. 21), plaintiff/counterclaim defendant HSBC Bank Nevada, N.A. moved to strike DeGeorge's affidavit and motion as being scandalous, unfounded, and meritless.  DeGeorge responded (Doc. 27), himself moving to strike HSBC's Motion to Strike for failure to comply with Local Rule 3.01(g).  Given the nature of the relief DeGeorge was seeking, the Court finds it would be improper to strike his filing.  HSBC's motion to strike is denied and DeGeorge's motion to strike HSBC's filing is moot.

---

[4] The only allegation of "extrajudicial bias" that deserves discussion is DeGeorge's suggestion that the appearance in this case of a former law clerk is somehow improper.  "It is common knowledge in the profession that former law clerks practice regularly before judges for whom they once clerked."  In re Martinez-Catala, 129 F.3d 213, 221 (1st Cir. 1997).  See also, In re Lickman, 288 B.R. 151, 154 (M.D. Fla. 2003) (citing various district court authorities for same proposition).  Moreover, the attorney in question clerked for a different judge of this Court who is not assigned to this case.

**II.      Motion for Leave to Proceed In Forma Pauperis/Motion to Remand**

DeGeorge seeks leave to proceed in forma pauperis in removing this case from state court to federal court. See Doc. 5. The Court may, upon a finding of indigency, authorize the commencement of an action without the prepayment of costs, fees or security. 28 U.S.C. § 1915(a)(1). However, even when a party is indigent, the Court should not permit the case to go forward if it fails to state a claim on which relief can be granted. 28 U.S.C. § 1915(e)(2)(B). A claim is not stated where there is no federal jurisdiction, be it original subject matter jurisdiction or removal jurisdiction. Cogdell v. Wyeth, 366 F.3d 1245, 1247-48 (11th Cir. 2004). Thus, where a defendant seeking leave to proceed in forma pauperis attempts to remove a case from state to federal court, the Court must deny the motion and remand the case to state court if federal jurisdiction is lacking. See HSBC Bank USA, N.A. v. Anderson, 2012 WL 4896686 (M.D. Fla. Sept. 24, 2012), adopted by Order, Doc. 10, Case No. 6:12-cv-1309-Orl-22DAB; Thompson v. Belk, Inc., 2013 WL 5786587 (N.D. Ga. Oct. 28, 2013). Additionally, in this case, HSBC has moved to remand (notwithstanding that the Court had not yet ruled on DeGeorge's motion for leave to proceed in forma pauperis) and DeGeorge filed a response to the motion. See Docs. 16, 26. Thus, the remand issue is squarely before the Court and both sides have had full opportunity to present their positions.

The burden of establishing that federal jurisdiction is proper lies with the party seeking removal to federal court. Williams v. Best Buy Co., Inc., 269 F.3d 1316, 1319-20 (11th Cir. 2001). Moreover, removal statutes are to be narrowly construed and uncertainties must be resolved in favor of remand. Shamrock Oil & Gas Corp. v. Sheets, 313 U.S. 100, 108-09 (1941).

The Court previously remanded this same case upon finding that DeGeorge failed to establish any bad faith on the part of HSBC which would warrant overlooking the untimeliness of the removal under the Court's diversity jurisdiction, that even if the removal was timely, DeGeorge had failed to establish the requisite amount in controversy for diversity jurisdiction, and that the case presented no federal question. See HSBC Bank Nevada, N.A. v. DeGeorge, Case No. 3:12-cv-1192-J-32MCR, Doc. 22 (Order entered Sept. 3, 2013).[5] DeGeorge claims he has newly discovered evidence of bad faith and that he can also show the amount in controversy is satisfied, such that this Court should exercise diversity jurisdiction.

The Court incorporates by reference the previous Order of remand in its entirety. The Court has now examined DeGeorge's "new evidence," which consists of the first two pages of a February 24, 2014 letter presumably from Mrs. DeGeorge to Judge Borello explaining that Mr. DeGeorge was unaware of the charges on his credit card, to which are attached portions of account statements dating from 2008 and 2009 that, when added together, exceed $75,000.[6] However, Mrs. DeGeorge's letter cannot possibly be construed as bad faith action by HSBC designed to prevent DeGeorge from discovering the true amount in controversy and there is no suggestion that HSBC did anything to conceal from Mr. DeGeorge the amounts due on the account statements provided. See 28 U.S.C. §

---

[5] The Court denied DeGeorge's motion for reconsideration; DeGeorge then took an appeal which the Eleventh Circuit dismissed when he failed to file his brief. See HSBC Bank Nevada, N.A. v. DeGeorge, Case No. 3:12-cv-1192-J-32MCR, Docs. 24, 28.

[6] DeGeorge attached numerous other papers to his filing but the basis for his claim of new evidence is the letter and the attached statements.

1446(c)(3)(B).  Moreover, HSBC's Complaint is only seeking $51,129.83 plus interest for DeGeorge's unpaid credit card charges on a particular account (plus reasonable attorney's fees which were claimed to be $700 in the event of a default).  Thus, the sums on the statements DeGeorge provided, which are from two separate dates and do not include the credit card account number stated in the Complaint,[7] fail to establish the requisite amount in controversy.  See Burns v. Windsor Ins. Co., 31 F.3d 1092, 1095 (11th Cir. 1994) (holding that where the complaint requests damages in an amount that fails to support federal jurisdiction, the removing party bears a "heavy" burden of proof to establish that a higher sum controls).

DeGeorge has failed to put forward evidence sufficient to establish the amount in controversy exceeds $75,000 exclusive of interest and costs, nor has he established bad faith on the part of HSBC.  DeGeorge's Motion for Leave to Proceed In Forma Pauperis (Doc. 5) is denied; HSBC's Motion to Remand (Doc. 16) is granted to the extent that this case will be remanded, but is denied to the extent that it seeks fees, costs and injunctive relief.  As stated in the Court's prior Order of remand, DeGeorge's pro se status counsels against awarding fees and costs and the Court is disinclined to enter an injunction at this point.  However, DeGeorge should now clearly understand that this case is not removable.  Future efforts to remove this case to federal court would likely result in the Court summarily

---

[7]The attachments to DeGeorge's corrected filing (Doc. 26) include account numbers but they are not the same as the one listed in the complaint.  On some of the earlier attachments (which appear to have been pieced together from separate papers), the account numbers are redacted.  See Docs. 1 & 24.  Regardless, HSBC's complaint includes a specific sum for which it is suing and, even if it did not, credit card statements addressed to Mr. DeGeorge from 2008 and 2009 cannot be considered new evidence in 2014.

remanding the case, imposing fees and costs, and entering injunctive relief against him.

Accordingly, it is hereby

**ORDERED**:

1. DeGeorge's Motion to Recuse (Doc. 17) is **denied**.

2. HSBC's Motion to Strike (Doc. 21) is **denied**; DeGeorge's Motion to Strike (Doc. 27) is **moot**.

3. DeGeorge's Motion for Leave to Proceed In Forma Pauperis (Doc. 5) is **denied**.

4. HSBC's Motion to Remand (Doc. 16) is **granted** to the extent that this case is hereby remanded to state court but is **denied** to the extent that the Court declines to award costs or fees for DeGeorge's improper removal.

5. The Clerk shall **close** the file following **remand** to the Fourth Judicial Circuit Court, in and for Clay County, Florida.

**DONE AND ORDERED** at Jacksonville, Florida this 28th day of July, 2014.

TIMOTHY J. CORRIGAN
United States District Judge

s.
Copies:

counsel of record
pro se party

Clerk of Court, Fourth Judicial Circuit Court, in and for Clay County